**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,
v.                                                  Case No. 11-CR-20129
                                                   Case No. 11-CR-20066
D-12 VICTOR CARLOS CASTANO,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S RENEWED KASTIGAR MOTION (DKT. #2301)

Pending before the court is Defendant's "renewed motion to dismiss the indictment for *Kastigar* violations." (Dkt. #2301.)

The precise legal arguments raised in this 56-page motion are difficult to parse, but much of the presentation repeats familiar allegations of governmental misconduct that Defendant has raised in his other filings in preparation for sentencing. The real crux of Defendant's renewed motion challenges the Government's use of Defendant's proffered information before the Grand Jury, and to some extent during trial.

As a preliminary matter, this motion is untimely. The court has already considered and rejected Defendant's 2015 motion to dismiss the indictment based on *Kastigar* violations. (Dkt. #1329; 1526.) Additionally, Defendant received the Grand Jury transcripts at issue prior to the Government filing its motion in limine to admit Defendant's proffered information on September 25, 2015. (Dkt. #2369, PageID 33549.) Defendant failed to timely respond to this motion in limine (a response was filed the day of the hearing), even after several extensions; the court ultimately granted the motion

after a comprehensive hearing on November 9, 2015. (Dkt. #1575.) To the extent Defendant now attempts to revisit either of these 2015 orders, his pending motion constitutes in essence an untimely motion for reconsideration, three years too late, and is for that reason alone subject to rejection. *See* E.D. Mich. LR 7.1(h)(1).

Defendant's renewed motion also seeks to challenge the Grand Jury proceedings but is untimely under Federal Rule of Criminal Procedure 12(b)(3)(A)(v) which requires motions addressing "an error in the Grand Jury proceeding" to be raised before trial. Defendant received copies of the Grand Jury testimony in advance of trial. Defendant's failure to raise challenges to the Grand Jury proceeding until several weeks before his sentencing constitutes an inexcusable and unjustifiable delay.

Furthermore, Defendant's asserted basis challenging the Government's use of his proffered statements in the Grand Jury fails on the merits because his *Kastigar* agreement protected Defendant's information only as to presentation of the Government's case-in-chief. (Dkt. #2369, PageID 33546) ("Except as otherwise specified in this letter, no statement made by you or your client during this proffer discussion will be offered against your client *in the government's case-in-chief in any criminal prosecution* of your client for the matters currently under investigation"). *Id.* (emphasis supplied).

Grand Jury proceedings are not part of the government's case-in-chief in a criminal prosecution, which is why the same constitutional and procedural protections afforded to defendants at trial do not apply to Grand Jury proceedings. The language of Defendant's *Kastigar* agreement is controlling on this matter. *See United States v. Curry*, No. 3:05-CR-10, 2005 U.S. Dist. LEXIS 37213, at *10 (E.D. Tenn. July 14, 2005),

*aff'd* 214 F. App'x 496, 502 (6th Cir. 2006) (examining whether statements made to the Grand Jury violated the defendant's *Kastigar* agreement, which broadly prohibited the Government from using proffered testimony "as evidence against [the defendant] in any criminal case."). Defendant's *Kastigar* agreement limited the Government's ability to use his proffered statements only in its case-in-chief. Therefore, the agreement did not protect those statements or prohibit their use in Grand Jury proceedings. Accordingly,

IT IS ORDERED that Defendant's "Renewed Motion to Dismiss the Indictment for *Kastigar* Violations" (Dkt. #2301) is DENIED.

                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: December 18, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 18, 2018, by electronic and/or ordinary mail.

                                                s/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522