**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. 11-20129
    11-20066

VICTOR CARLOS CASTANO,

    Defendants.

**OPINION AND ORDER DENYING MOTIONS FOR DISMISSAL BASED UPON PROSECUTORIAL VINDICTIVENESS AND OUTRAGEOUS GOVERNMENT CONDUCT**

Pending on the court's docket is a "Motion to Dismiss the Indictments in Case Numbers 11-20066 and 11-2019 for Vindictive Prosecution," a "Motion to Dismiss the Indictment for Outrageous Government Conduct," and a "Renewed Motion to Dismiss the Indictments Against Him for Vindictive Prosecution," all filed by Defendant Victor Carlos Castano. The Government has responded, and the court finds that the issues have been adequately briefed and that oral argument is not necessary.[1] E.D. Mich. 7.1(f)(2). For the reasons set forth below, the court will deny Defendant's motions.

---

[1] These motions are three of many presented seeking dismissal and filed individually or collectively by the Defendants in Trial Groups 1 and 2. Before, during, and after both trials, defendants generated a paper storm of motions asserting alleged Governmental abuses, typically aimed at purported discovery delays and abuses. Many of these motions were filed without first seeking concurrence or attempting to narrow the issues, in contravention of the local rules. Indeed, Defendants would often file a motion, and the Government would express surprise at the motion being filed and would request time to try to reach agreement on the relevant issues. More often than not, such discussion proved successful, and the issues raised in the motion would be mooted. The court commonly expressed frustration to the parties that they did not attempt to resolve issues *prior* to filing the motions, but the pattern continued. The volume of

## I. BACKGROUND

On June 17, 2005, Defendant Castano was charged in a three-count federal indictment for violations of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), 21 U.S.C. § 841(a)(1) (possession with intent to distribute marijuana) and 18 U.S.C. § 924(c) (carrying a firearm during and in relation to a drug trafficking crime). (Case No. 05-80554). In February 2006, Defendant pleaded guilty to the marijuana charge, but proceeded to trial on the firearm charges before the Honorable Lawrence P. Zatkoff. The Government subpoenaed Vernon Rich and Scott Lonsby to testify on behalf of the Government. The defense identified Keith McFadden and his girlfriend Stella Herron as witnesses. The defense argued that the gun found in Defendant's truck was Herron's. After the defense opted not to call Herron to the stand during trial, the Government located her and called her as a hostile witness during rebuttal. The Government maintains they called her in order to impeach McFadden's testimony and point out inconsistencies in the defense theory of the case. The jury convicted Defendant of both firearm counts. Defendant appealed and, due to a defect in the jury instructions regarding the § 924(c) charge, the Sixth Circuit reversed that conviction. The § 922(g)

---

motions, filed by multiple parties, made it impossible to resolve them as quickly as they were filed. And, with the added facet that the parties so often requested time to reach amicable resolution, the motions would linger on the docket until agreement was reached or oral ruling during trial would resolve them. Sometimes a pending unresolved motion, such as these, would be brought up during off the record discussions, and the court would express its likely or inevitable denial. In the court's recollection, Castano's original motions to dismiss, like a similar motion filed by Defendant Drozdowski, were addressed in such a way, with the court indicating it had reviewed the motions and did not find them sustainable, but with their denial not formally recorded prior to the beginning of Trial 2.

charge was affirmed, and the case was remanded for re-sentencing. Defendant was never retried on the § 924(c) charge.[2]

The Indictment in Case Number 11-20066 charged 11 defendants, including Defendant Castano, with offenses related to perjury, obstruction of justice, and drug trafficking. The obstruction charges revolved around the federal criminal trial before the Judge Zatkoff in 2006, and Defendant Castano's alleged efforts to suborn perjury and obstruct justice in the firearm charges against him. The Third Superceding Indictment in 11-20129 charged 41 total defendants, all of whom were either members or persons related to the Devils Diciples Motorcycle Club ("DDMC"), with numerous offenses involving firearms, false statements, witness tampering, perjury, gambling, violent crimes in aid of racketeering, various drug offenses, and conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO).[3] The first group of Defendants began trial in September 2014. ("Trial 1"). On February 23, 2015, the jury delivered its verdict.

On April 17, 2015, Defendant Castano filed his first motion to dismiss based on vindictive prosecution, and a separate but similar motion based on "outrageous Government conduct." By leave of court, the Government filed a comprehensive and lengthy response on June 15, 2015. Thereafter, a Fifth Superceding Indictment was

---

[2] Oddly, Defendant appears to point to the Government's decision not to retry him on the § 924(c) charge as evidence of vindictive prosecution because, according to Defendant, they instead left it "open and hanging over his head." (Dkt. # 2304, PageID 32295.)

[3] Defendants were charged under a wide range of criminal statutes including 18 U.S.C §§ 2, 371, 922, 924(c), 1001, 1512, 1623, 1952, 1955, 1959, 1962(d), and 21 U.S.C. § 841.

filed. On September 16, 2015, the case proceeded to trial ("Trial 2"). The jury delivered its verdict on December 15, 2015, finding Defendant Castano guilty of Part 1: Count One, RICO Conspiracy (involving at least 50 grams of methamphetamine or 500 grams or more of a mixture containing a detectable amount of methamphetamine); Count Three, Conspiracy to Manufacture, Distribute or Possess with Intent to Distribute Controlled Substances (involving at least 50 grams of methamphetamine or 500 grams or more of a mixture containing a detectable amount of methamphetamine); and Part II: Count One, Conspiracy to Suborn Perjury and Obstruct Justice; Count Two, Subornation of Perjury, Aiding and Abetting; Count Three, Obstruction of Justice; Count Six, Conspiracy to Distribute, or to Possess with Intent to Distribute, Marijuana (involving at least 100 kilograms or more of Marijuana). The jury found Castano not guilty of Part 1: Count Forty-One, Possession of Methamphetamine Precursors.

While the instant case has been progressing toward sentencing, Defendant challenged his 2006 firearms conviction in a petition for writ of *coram nobis*, unsuccessful at the district and circuit level. In his petition, Defendant argued that (1) he was convicted based on perjured testimony, (2) the government knowingly offered that perjured testimony, and (3) the government concealed evidence of Rich's criminal history, an FBI interview with Rich, and a set of pawn slips. The Sixth Circuit rejected each argument, finding them unsupported by the record, the facts, and the relevant case law. In so holding, the panel commented that Defendant presented an 800-page appendix, and spent "many pages attempting to shame the prosecution into taking responsibility for his compatriot's perjury," that counsel "brazenly misconstru[ed]" case

law, and based his argument on facts that were immaterial. *United States v. Castano*, 906 F.3d 458, 465, 467, and 468 (6th Cir. 2018).

Around the time the *coram nobis* petition was denied, Castano, on October 20, 2018, filed a second, "renewed," motion to dismiss based on vindictive prosecution. Much of his motion rests on the assumption that his *coram nobis* petition would be successful.

## II. STANDARD

A prosecutor may not use criminal charges to penalize a defendant's exercise of constitutional rights. *Blackledge v. Perry,* 417 U.S. 21–28 (1974). A defendant must show actual vindictiveness or a sufficient factual basis to raise a presumption of vindictiveness. *United States v. Goodwin,* 457 U.S. 368, 373 (1982). "In order to show vindictive prosecution there must be (1) exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; (4) the intent to punish the defendant for exercise of the protected right." *See Nat'l Eng'g & Contracting Co. v. Herman,* 181 F.3d 715, 722 (6th Cir. 1999). "Presumably, if the first three elements are present, this may help establish grounds to believe the fourth is present, that there is the required 'realistic likelihood of vindictiveness,' which the government would have to rebut." *United States v. Suarez*, 263 F.3d 468, 479 (6th Cir. 2001) (quoting *Bragan v. Poindexter,* 249 F.3d 476, 481–82 (6th Cir. 2001) and *United States v. Andrews,* 633 F.2d 449, 453–56 (6th Cir.1980) (en banc)).

A court performing a vindictive prosecution analysis "must assess the fact situation before it to see if the [vindictiveness] standard is met.... Each situation will necessarily turn on its own facts." *United States v. LaDeau,* 734 F.3d 561, 567 (6th

Cir.2013) (internal quotation marks omitted) (alteration and omission in original). "[T]he Due Process Clause is not offended by all possibilities of increased punishment but only by those that pose a realistic likelihood of 'vindictiveness.'" *United States v. Poole,* 407 F.3d 767, 774 (6th Cir. 2005) (quoting *Blackledge v. Perry,* 417 U.S. 21, 27 (1974)).

A prosecutor's "broad discretion" in deciding whom to prosecute and which charges to bring "is not unfettered." *Bragan*, 249 F.3d at 481 (6th Cir. 2001) (internal quotation marks omitted). "Although a defendant may obtain a dismissal of an indictment on grounds of prosecutorial vindictiveness by showing 'actual vindictiveness'—that is, 'objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights,' [*United States v. Dupree*, 323 F.3d 480, 489 (6th Cir. 2003)]—an indictment may also be dismissed as vindictive upon a showing that 'in the particular factual situation presented, there existed a 'realistic likelihood of vindictiveness' for the prosecutor's action.'" *United States v. LaDeau*, 734 F.3d 561, 566 (6th Cir. 2013) (quoting *Bragan*, 249 F.3d at 481 (quoting *United States v. Andrews*, 633 F.2d 449, 455 (6th Cir.1980) (en banc))).

In order to show a realistic likelihood of vindictiveness, the defendant must show that (1) the prosecution has "some 'stake'" in deterring the defendant's exercise of his rights and (2) the prosecutor's conduct was somehow "unreasonable." *Bragan*, 249 F.3d at 482 (citations omitted). If the defendant makes this showing, then the court may presume an improper vindictive motive. *Id.* The government bears the burden of rebutting the presumption with "objective, on-the-record explanations" such as "governmental discovery of previously unknown evidence" or "previous legal impossibility." *Id.*

## III.  DISCUSSION

First, the court notes that neither the Supreme Court nor the Sixth Circuit recognizes a defense of "outrageous government conduct."  To the extent any such defense may eventually be called into existence, Defendant falls far short of establishing it here.  Defendant argues that he was essentially entrapped into committing the offense of subornation of perjury. The facts do not support this claim. Nor do the facts support his theory of the Government "sponsoring" perjury.  It is, as the Sixth Circuit held, a fruitless argument, based on a strained interpretation of the events of 2006 employing a blinkered and unrealistic recapitulation of testimony.  The court rejects these arguments.

In his first motion to dismiss for vindictive prosecution, Defendant argues that the entirety of this prosecution is in retaliation for his successful-in-part appeal of the 2006 § 924(c) conviction.  He contends that the Government has no "new" evidence against him and that this somehow evinces vindictiveness.  Defendant suggests that since the evidence is not new, the only reason the Government proceeded when it did was due to the successful appeal.  In so arguing, Defendant completely ignores the possibility that the Government was still investigating the depth and scope of the DDMC conspiracy. Defendant argues that the Government bases its case on its intentional promulgation of perjury in the 2006 case—a theory soundly rejected by the Sixth Circuit in the *coram nobis* litigation.  Defendant also contends that the Government "further punished Castano for his refusal to plead guilty and cooperate."

Defendant's motion to dismiss for outrageous Government conduct flows in a similar vein, focusing on the investigation and prosecution of the 2006 trial, the alleged

7

Government subornation of perjury, and purported factual and strategic inconsistencies in the Government's prosecutions of the two trials.

In his 2018 motion to dismiss, Defendant complains that the Government "singled him out for investigation and prosecution" and "treated him differently than virtually every other co-defendant." Defendant asserts that there was a "dearth of credible evidence" presented against him and that the Government "consistently treated him more harshly than most other defendants." Mistakenly predicting that his *coram nobis* petition would be successful, Defendant argues that the Government here has continued a pattern of misconduct first shown in the 2006 trial. Defendant also asserts that he was offered a "bogus plea deal" that was not commensurate with his relative lack of culpability and that has proven to be disproportionate as compared to his co-defendants' plea offers and sentences. Defendant contends that he was mistreated before and during trial as revenge for his appeal in the 2006 case.

Defendant's motions, though replete with vitriolic accusations, do not appear to describe any actual vindictiveness. In any event, Defendant has not set forth any objective evidence showing that the Government's action was intended to punish Castano such that actual vindictiveness can be established. *Dupree*, 323 F.3d at 489. Instead, Defendant seems to suggest that various actions alleged to have been undertaken by the Government—if arranged in just the right pattern and sequence—are enough to show "a 'realistic likelihood of vindictiveness' for the prosecutor's action.'" *LaDeau*, 734 F.3d at 566. To do this, however, Defendant must first show "some 'stake'" in deterring the defendant's exercise of his rights, and that the prosecutor's conduct was somehow "unreasonable." *Bragan*, 249 F.3d at 482 (citations omitted).

Defendant has not identified any such stake in Defendant's earlier trial or appeal. As the Government points out, the current prosecutors are not the same prosecutors who handled the 2006 case, so there is no showing of a *personal* vendetta against Defendant. Nor is there any indication that the 2006 appeal and partial reversal was anything extraordinary. The reversal was based on a rather minor error in the jury instructions, not based on any particular misconduct by the Government.

Nor has Defendant shown that any behavior by the Government is unreasonable. Defendant paints with a very broad brush in attempting to show a long and outrageous pattern of Government misconduct, but there are no credible, supported details to support this theory. Instead, Defendant relies on his oft-repeated but vacuous interpretation of the strength of the evidence, and his theory that the Government "sponsored"—i.e., knowingly and intentionally presented as true—false testimony in the 2006 and in the 2015 Trial. But Defendant has not come close to establishing his theories. Defendant's motions, shocking and florid as they may be, are based on attenuated assumptions and implications. They are not based on fact and, indeed, are based largely on equivalent arguments or assertions of facts since rejected by the Sixth Circuit. While he argues that he was given only a bogus plea offer, he does not establish that any such offer was not made in good faith. Castano offers a chart of his co-Defendants' plea offers and sentences, but this alone is unhelpful. Castano forgets that many co-Defendants pleaded guilty early, accepted responsibility, acknowledged guilt, and in a substantial number cooperated with the Government. Castano's chart fails to account for individual characteristics, or, indeed, any sentencing factors whatsoever. Further, given the charges faced by Castano, and given the Government's

contention that he obstructed justice and suborned perjury in the 2006 Trial, it would not seem to the court as unreasonable for the Government to *refuse* to deal with him at all.

Simply put, although the length and volume of paper presented is prodigious (challenging perhaps the 800 pages of appendix noted in the Sixth Circuit's opinion), there is still too much gravy and not enough meat in Defendant's motions. Although the Government filed a lengthy brief in 2015 responding to the initial version of the motions, it most persuasively responds to them in one succinct paragraph in its 2018 filing:

> The Government is not punishing the Defendant merely because the Court of Appeals reversed a single 2006 conviction of the defendant, instead, defendant was prosecuted for other far more significant – and appalling – criminal behavior. Moreover, it hardly seems heavy handed when the government elected not to retry the overturned but available 924(c) charges, which might have provided defendant some small bit of ammunition to suggest that the government was being vindictive. Nor is there a "realistic likelihood of vindictiveness" on the part of the prosecution.

(Dkt. # 2364, PageID 33531.) The court agrees. Defendant has shown neither vindictive nor "outrageous" prosecution. The motions will be denied.

## III. CONCLUSION

IT IS ORDERED that Defendant Castano's motions to dismiss based upon prosecutorial vindictiveness and outrageous Government conduct (11-20129, Dkt. ## & 1329 & 2304; 11-20066, Dkt. # 269, 270) are DENIED.

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: December 18, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 18, 2018, by electronic and/or ordinary mail.

                                           s/Lisa Wagner
                                           Case Manager and Deputy Clerk
                                           (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C3 ORDERS\11-20129.CASTANO.VindictiveProsecution.RHC.docx