**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case No. 11-20129
                                                                                    11-20066

VICTOR CARLOS CASTANO,

    Defendants.

**OPINION AND ORDER DENYING SUPPLEMENTAL MOTION FOR JUDGMENT OF ACQUITTAL AND DISMISSAL**

Pending on the court's docket is a document entitled "Supplemental Motion for Judgment of Acquittal and Dismissal," filed by Defendant Victor Carlos Castano on October 20, 2018. The Government has responded, and the court finds that the issues have been adequately briefed and that oral argument is not necessary. E.D. Mich. 7.1(f)(2). For the reasons set forth below, the court will deny Defendant's motion.

**I. BACKGROUND**

An indictment in Case Number 11-20066 charged 11 defendants, including Defendant Castano, with offenses related to perjury, obstruction of justice, and drug trafficking. The obstruction charges revolved around a federal criminal trial before the Honorable Lawrence P. Zatkoff in 2006, and Defendant Castano's alleged efforts to suborn perjury and obstruct justice in the firearm counts against him. The Third Superceding Indictment in 11-20129 charged 41 total defendants, all of whom were either members or persons related to the Devils Diciples Motorcycle Club ("DDMC"), with numerous offenses involving firearms, false statements, witness tampering, perjury,

gambling, violent crimes in aid of racketeering, various drug offenses, and conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO).[1] The first group of Defendants began trial in September 2014. ("Trial 1"). On February 23, 2015, the jury delivered its verdict.

On September 16, 2015, the case against the second group of Defendants, including Defendant Castano, proceeded to trial. ("Trial 2"). The jury delivered its verdict on December 15, 2015, finding Defendant Castano guilty of Part 1: Count One, RICO Conspiracy (involving at least 50 grams of methamphetamine or 500 grams or more of a mixture containing a detectable amount of methamphetamine); Count Three, Conspiracy to Manufacture, Distribute or Possess with Intent to Distribute Controlled Substances (involving at least 50 grams of methamphetamine or 500 grams or more of a mixture containing a detectable amount of methamphetamine); and Part II: Count One, Conspiracy to Suborn Perjury and Obstruct Justice; Count Two, Subornation of Perjury, Aiding and Abetting; Count Three, Obstruction of Justice; Count Six, Conspiracy to Distribute, or to Possess with Intent to Distribute, Marijuana (involving at least 100 kilograms or more of Marijuana). The jury found Castano not guilty of Part 1: Count Forty-One, Possession of Methamphetamine Precursors.

The court set a deadline for filing all Rule 29 and 33 motions of January 29, 2016 and then, on request, extended that deadline to March 9, 2016. Trial Group 2 Defendants, individually and collectively, timely filed Rule 29 motions for judgment of

---

[1] Defendants were charged under a wide range of criminal statutes including 18 U.S.C §§ 2, 371, 922, 924(c), 1001, 1512, 1623, 1952, 1955, 1959, 1962(d), and 21 U.S.C. § 841.

2

acquittal (See Dkt. ## 1678, 1735, 1736 & 1737.) No Rule 33 motions were filed by Trial Group 2 Defendants.

Meanwhile, while the instant case has been progressing, Defendant filed a petition for writ of *coram nobis*, challenging his 2006 firearms conviction. In his petition, Defendant argued that (1) he was convicted based on perjured testimony, (2) the Government knowingly offered that perjured testimony, and (3) the Government concealed evidence of Rich's criminal history, an FBI interview with Rich, and a set of pawn slips. The Sixth Circuit rejected each argument, finding them unsupported by the record, the facts, and the relevant case law. In so holding, the panel commented that Defendant spent "many pages attempting to shame the prosecution into taking responsibility for his compatriot's perjury," that counsel "brazenly misconstru[ed]" case law, and based his argument on facts that were immaterial. *United States v. Castano*, 906 F.3d 458, 465 and 468 (6th Cir. 2018).

Around the time the *coram nobis* petition was denied, on October 20, 2018, Defendant filed a "Supplemental Motion for Judgment of Acquittal and Dismissal." A few days later, the court, coincidentally, issued its "Opinion and Order Denying Trial Group Two's Motions for Judgment of Acquittal," which ruled on all timely filed motions for judgment of acquittal filed by Trial Group 2 Defendants. The court did not rule on the current "supplemental" motion, but instead allowed the Government an opportunity to respond.

## II. STANDARD

Upon motion, the court may set aside a jury verdict of guilty and "enter judgment of acquittal." Fed. R. Crim. P. 29(c). "In reviewing challenges regarding the sufficiency

of the evidence presented to the jury, [the court is] limited to ascertaining whether, viewing the evidence in the light most favorable to the government, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Carmichael*, 232 F.3d 510, 519 (6th Cir. 2000) (emphasis omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); citing *United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999)). Moreover, "'[s]ubstantial and competent' circumstantial evidence by itself may support a verdict and need not 'remove every reasonable hypothesis except that of guilt.'" *United States v. Lee*, 359 F.3d 412, 418 (6th Cir. 2004) (quoting *United States v. Stone*, 748 F.2d 361, 363 (6th Cir. 1984)). Thus, "[a] defendant bringing such a challenge bears a 'very heavy burden.'" *United States v. Daniel*, 329 F.3d 480, 485 (6th Cir. 2003) (quoting *United States v. Vannerson*, 786 F.2d 221, 225 (6th Cir. 1986)).

Federal Rule of Criminal Procedure 33(a) provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. Rule Crim. Proc. 33(a). "The paradigmatic use of a Rule 33 motion is to seek a new trial on the ground that the jury's verdict was against the manifest weight of the evidence." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir.2010). "Generally, such motions [under Rule 33] are granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir.2007) (internal quotation marks and citations omitted). A court may also grant a Rule 33 motion "where substantial legal error has occurred." *Munoz*, 605 F.3d at 373. "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(a). If the motion is

4

based on any other reason, "the motion must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33. This deadline may be extended upon a showing of excusable neglect. Fed. R. Crim. P. 45(b).

### III. DISCUSSION

First, and fundamentally, the motion will be rejected as procedurally improper. It is late. Not just late, but two and a half years late. The court set a deadline of March 9, 2016 to file all Rule 29 and Rule 33 motions. Defendant's motion is some sort of hybrid of both types of motions. Though he casts it more as a motion for judgment of acquittal under Rule 29, his arguments relate mostly to purported government misconduct which would be brought under Rule 33. Though the court can extend the time to file such motions for "excusable neglect," no such grounds are established here. Additionally, some of the issues raised unquestionably should have been brought before trial, and were not, and are thus untimely under Federal Rule of Criminal Procedure 12(c)(3). Defendant seems to suggest that the motion was brought on newly discovered facts, or evidence, that could not have been discovered earlier, but does not specify precisely what facts are new. Instead, most of the motion relates to matters of public record, discovery which was provided to Defendant months before trial started (including the Grand Jury transcript), and stipulations and argument of counsel. The court sees nothing in Defendant's voluminous presentation to explain the inordinate delay in raising any of the issues presented.

It is difficult for the court to begin to decipher the myriad issues raised in the motion to properly cast them into the correct legal standards. Defendant's 220-page motion spans over a decade of alleged government misconduct, dating all the way back

to 2006 and the federal trial before Judge Zatkoff. The court is unclear, as an aside, whether it even has jurisdiction to unravel the allegations related to the 2006 trial, inasmuch as those allegations are akin to challenges under 28 U.S.C. § 2255. Even if the court did have jurisdiction over these challenges, it is likely that res judicata would apply to bar the arguments made by Defendant, in light of the recent denial of Defendant's *coram nobis* petition.

Defendant's motion is based on many, many issues which have already been heard, and rejected, by this court, the Honorable Sean Cox, and the Sixth Circuit. He raises challenges, not just to the 2006 Judge Zatkoff proceeding, but also to various rulings and procedures employed by this court from pretrial through verdict. To the extent these issues can be construed as motions for reconsideration, they are untimely. *See* E.D. Mich. LR 7.1(h).

In addition to being untimely, Defendant's motion was filed in contravention of the local rules. He entitles it a "supplement" to a motion filed two and a half years ago, but the local rules do not recognize nor permit "supplements" to previous pending, or resolved, motions. Moreover, he did not seek concurrence before filing the motion, as he is required to do under Local Rule 7.1(a). He also filed a 220-page brief, without first obtaining leave of court. The local rules limit briefs to 25 pages without court-approval. No such approval was obtained here. Instead, concurrent with his motion, Defendant filed a motion for leave to file an over-sized brief. Even if the court were inclined to allow Defendant to submit an untimely Rule 29 motion, and even if the court were inclined to allow Defendant additional pages to present his arguments, the 220 pages submitted here are wildly excessive and unnecessary in this case. This is particularly

true given that much of the brief constitutes a regurgitation of issues raised and briefed in his similarly voluminous sentencing memorandum, as well as in various other motions presented to the court.

Finally, having read the brief and the Government's response, the court is not persuaded that any of the issues raised by Defendant are meritorious, even if the motion were not otherwise procedurally improper. Defendant employs a tactic, similar to his sentencing memorandum and other filings, of quantity over quality. He tries to wholly discredit various witnesses by pointing out minor inconsistencies (whether perceived or actual) and then suggests that these inconsistencies establish perjury, and further establish government misconduct. Not only is the court troubled, and unimpressed, by Defendant's unsupported and vitriolic accusations of extremely serious government misconduct, but credibility determinations cannot form the basis of a meritorious motion under Rule 29. Under Rule 29, the court is "limited to ascertaining whether, viewing the evidence in the light most favorable to the government, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Carmichael*, 232 F.3d 510, 519 (6th Cir. 2000) (emphasis omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); citing *United States v. Talley*,164 F.3d 989, 996 (6th Cir. 1999)). Defendant's arguments go to credibility rather than sufficiency. Indeed, "'[s]ubstantial and competent' circumstantial evidence by itself may support a verdict and need not 'remove every reasonable hypothesis except that of guilt.'" *United States v. Lee*, 359 F.3d 412, 418 (6th Cir. 2004) (quotation omitted). The court has already reviewed the sufficiency of the evidence and found that Defendant did not meet his very heavy burden of overturning the jury verdict.

*See United States v. Daniel*, 329 F.3d 480, 485 (6th Cir. 2003) (citation omitted).

Sufficient, ample, even abundant evidence supports the jury's verdict against Defendant Castano. His motion is untimely, improper, and without merit.

### IV. CONCLUSION

IT IS ORDERED that Defendants' "Supplemental Motion for Judgment of Acquittal and Dismissal" [11-20129, Dkt. # 2307; 11-20066, Dkt. #388] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 18, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 18, 2018, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(810)292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C3 ORDERS\11-20129.CASTANO.Acquittal.NewTrial.RHC.docx